## Joseph Hartley v. Josephine Gilhofer.

1. WRITTEN INSTRUMENTS—*Evidence Admissible to Show that One Never Took Effect.*—While parol evidence is not admissible to vary the terms of a written instrument, yet such evidence is always admissible to show that by reason of the circumstances under which the instrument was executed, it did not take effect.

2. SAME—*When Obtained by Fraud, Can Not be Availed of by Perpetrator.*—If the execution of an instrument is procured by fraud, the instrument has no legal effect, when sought to be availed of by the perpetrator of the fraud.

3. ACTIONS—*For Money Had and Received—Jurisdiction of Justice of the Peace.*—Justices of the peace have jurisdiction in suits for money had and received where the sum involved does not exceed two hundred dollars.

Appeal from the Circuit Court of Alexander County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

C. E. SCHROLL, attorney for appellant.

DAVID S. LANSDEN, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced by appellee against appellant, before a justice of the peace of Alexander county. A trial was had and judgment rendered in the justice court, and the case appealed to the Circuit Court, where the case was again tried, resulting in a verdict and judgment in favor of appellee for $200.

The controversy grows out of a course of dealing between the parties concerning certain real estate. Appellee con-

tends and the evidence on her behalf tends to prove, that in the month of February, 1902, appellant secured a verbal option for the purchase of thirty-one lots in the city of Cairo, for the sum of $2,600; that after obtaining the option he went to appellee, an elderly woman, and represented to her that he had obtained an option on these lots for $3,000; that he and appellee entered into a negotiation concerning the purchase of the lots, together, he stating that he did not have the money himself; that it was finally understood between them that appellee should furnish $1,500 of the money and appellant should furnish the same amount and that they would buy the lots together. Upon this feature of the case appellee testified:

"I saw him again. I found I could take half, so I told him I could. In a day or two he came back and said, ' Well, if you take half I will take the other half for I can get five hundred dollars of my own money and a business man here in town will let me have one thousand dollars.' He said he would take half if I could take the other half, and it was agreed on then that we would buy the lots together."

The testimony further tends to prove that after the arrangement to purchase the lots together, as above stated, had been decided upon, appellee agreed to pay appellant $50 for his undivided interest in one of the lots. At this stage of the transaction appellant called upon appellee and presented a paper for her to sign as follows:

"CAIRO, ILLINOIS, March 4th, 1902.

For and in consideration of the sum of one dollar in hand paid, I agree to purchase lots 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, also one half interest in lot 40, of Block 7, Fourth Addition to the City of Cairo, for the sum of $1,500, from Joseph F. Hartley."

This paper she signed.

Concerning the signing of this paper, the evidence tends to prove that the arrangement as above stated had been fully agreed upon before the paper was presented to appellee; that at the time it was presented appellant represented to appellee that it was necessary for her to sign the paper

to show that she would pay one-half with him, or go in with him and buy the lots. He said : " Mrs. Gilhofer, as I have an option on these lots, it will be necessary for you to sign this, to bind our contract of agreement for the purchase of the lots; " that when it was presented to her she glanced over it, did not read it carefully and did not understand it. In signing the paper she relied upon appellant's statement and signed it, believing it was necessary for her to do so, that they might carry out the arrangement previously entered into, and not as evidencing the contract between them. Two days after this paper was signed appellant procured from the owner a deed to himself for the whole thirty-one lots, and in a few days executed and delivered to appellee a deed for sixteen of the lots, receiving from her $1,550, and when appellee discovered that the option price was only $2,600, she commenced this suit to recover back the part of the excess which she had paid to appellant.

Appellant denies that there was any agreement between him and appellee that they were to buy the lots together, and contends that the paper above quoted was understandingly signed by appellee, and that it evidences the only valid contract between them.

Appellant's counsel states in his brief that "appellant bases his defense chiefly on three theories : first, that the written contract controls in this case and is the only legal evidence of the rights and relations of the parties; second, that false representations in regard to the cost of the lots or otherwise do not constitute legal fraud; third, that a justice of the peace has no jurisdiction in this class of case. Upon these propositions, applied to the facts of this case, counsel relies here, for a reversal of the judgment of the Circuit Court.

While it is true that parol evidence is not admissible to vary the terms of a written instrument, yet such evidence is always admissible to show that by reason of the circumstances under which the instrument was executed, it did not take effect. If the execution of an instrument is pro-

cured by fraud, the instrument has no legal effect, when sought to be availed of by the perpetrator of the fraud. Such is claimed to have been the case here; the evidence tends to support the claim and the jury was warranted in so finding.

As to counsel's second proposition, it is sufficient to say that the evidence tends to prove that this is not a simple case of false representations by a vendor to a vendee in regard to the cost or value of the thing sold; that it tends also to prove that appellant was in a sense, the agent of appellee; that he was in a position of trust and confidence, occupied a fiduciary relation toward her, and the jury was warranted in finding all this to be true.

As to counsel's third proposition, we can not agree with him as to the character of the action before us. It is not a suit to recover damages for fraud in the sale or purchase of real property. It is to recover a specified sum of money had and received by appellant from appellee which in equity and good conscience belongs to appellee. If the case had been commenced in a court of record, the declaration might properly have been in assumpsit. Justices of the peace have jurisdiction in such cases where the sum involved does not exceed $200.

We are of opinion that the oral evidence was properly admitted for the purpose of showing that the writing, though signed, did not become an effective contract, and if that issue should be resolved by the jury in favor of appellee, then to prove what the true relations and agreements between the parties were.

When considered with reference to the evidence and issues contested before the jury in this case, we think the instructions are free from misleading error.

It is apparent here that substantial justice has been done in the trial court.

The judgment of the Circuit Court is affirmed.